**PEDERSEN FISHERIES, INC., a Washington corporation, and Rolf and Herman Orle, as Co-Owners of the F/V Ocean Grace, and as trustees for crew members of the Ocean Grace, consisting of Harald Pedersen, Marvin Munds, Kelley Noble, Brian Trent, and Jack Roadcap, Plaintiffs,**

v.

**PATTI INDUSTRIES, INC., a Florida corporation, Defendant.**

No. C82–1089B.

United States District Court, W.D. Washington.

March 29, 1983.

Martin P. Detels, Jr. and Gregory D. Fuller of Detels, Madden, Crockett & McGee, John S. Congalton, Seattle, Wash., for plaintiffs.

Richard A. Montgomery of Bogle & Gates, Seattle, Wash., for defendant.

## ORDER OF DISMISSAL

BEEKS, Senior District Judge.

Plaintiffs, Pedersen Fisheries, Inc., Rolf Orle and Herman Orle, as owners of the F/V OCEAN GRACE, and as trustees on behalf of the vessel's crew members brought this action at law and in admiralty against defendant, Patti Industries, Inc., on September 21, 1982. OCEAN GRACE is a commercial king crab fishing vessel 107 feet in length constructed by defendant in 1979 and sold to Pedersen Fisheries in July, 1980. Subsequently, on November 9, 1981, the vessel's mast, rigging, and other deck equipment collapsed while the vessel was "crab-

bing" approximately 200 miles northeast of Dutch Harbor, Alaska. Plaintiffs' complaint alleges five separate claims for relief: (1) negligent design, manufacture, testing, warning and inspection of the vessel; (2) sale of a vessel in a defective condition; (3) breach of express warranty; (4) breach of implied warranty of merchantability; and (5) breach of implied warranty of fitness for a particular purpose. Plaintiffs claim damages in the amount of $175,000 for repairs and $250,000 for lost fishing profits.

On October 12, 1982, defendant appeared and moved to dismiss for lack of personal jurisdiction. In support of its motion, defendant maintains: (1) defendant is a Florida corporation with its principal and only place of business in Pensacola, Florida; (2) defendant had no business operations, property holdings, employees or agents in the State of Washington; (3) the parties negotiated and signed a contract to construct and sell the vessel in Pensacola; (4) defendant constructed the vessel in Pensacola; (5) defendant delivered the vessel to plaintiffs in Pensacola; and (6) any negligent acts that allegedly occurred in the design, manufacture or construction of the vessel must have occurred in Florida. Defendant notes the damage to the vessel occurred not in Washington, but in the Bering Sea approximately 200 miles north of Dutch Harbor, Alaska. Defendant submits that in the absence of any acts committed by defendant in Washington and with the injury occurring on the high seas, plaintiffs are without a jurisdictional basis.

Plaintiffs oppose the motion and assert the defendant not only transacted business within the State of Washington, but also committed a tortious act within the state and as a consequence subjected itself to jurisdiction under Washington's long arm statute, Wash.Rev.Code § 4.28.185(1)(a) and (b) (Supp.1982).

As the parties invoking the court's jurisdiction, plaintiffs have the burden of establishing such jurisdiction. *Data Disc, Inc. v. Systems Technology Ass'n,* 557 F.2d 1280, 1285 (9th Cir.1977). When, as here, only affidavits or discovery materials are considered, only a *prima facie* showing is required. *Id.*

The court must consider two questions in determining whether *in personam* jurisdiction exists: first, whether the applicable statute potentially confers jurisdiction; second, whether the assertion of such jurisdiction comports with due process. *Plant Food Co-Op v. Wolfkill Feed & Fertilizer Corp.,* 633 F.2d 155, 157 (9th Cir.1980).

Washington's long arm statute provides in part:

(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

(a) The transaction of any business within this state;

(b) The commission of a tortious act within this state....

Wash.Rev.Code § 4.28.185. The state's interpretation of its statute binds this court. *Greenspun v. Del E. Webb Corp.,* 634 F.2d 1204, 1207 (9th Cir.1980). Section 4.28.185 has been construed to empower the state courts of Washington to exercise their jurisdiction to the fullest extent possible under the due process clause. *Deutsch v. West Coast Machinery Co.,* 80 Wash.2d 707, 711, 497 P.2d 1311; *Tyee Construction Co. v. Dulien Steel Products, Inc.,* 62 Wash.2d 106, 109, 381 P.2d 245 (1963); *see Tillay v. Idaho Power Co.,* 425 F.Supp. 376, 378 (E.D.Wash. 1976). As a result of such a construction, the statutory and constitutional standards merge into a single due process test.

Due process allows the state court to exercise personal jurisdiction over a nonresident defendant only so long as minimum contacts exist within the forum state and the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291– 92, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980);

*International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). This circuit has developed a three-pronged test to evaluate the nature and quality of a defendant's contacts with the forum: (1) the nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law; (2) the claim must be one which arises out of or results from the defendant's forum related activities; (3) the exercise of jurisdiction must be reasonable. *Plant Food Co-Op v. Wolfkill Feed & Fertilizer Corp.,* at 159; *Data Disc, Inc. v. Systems Technology Ass'n, Inc.,* at 1287.

Plaintiffs allege the following establish sufficient minimum contacts within the State of Washington: (1) the defendant sold the vessel knowing that its home port would be in the State of Washington; (2) a ship broker whom defendant authorized to sell its vessel placed an ad in a trade publication which was published in the State of Washington; (3) defendant obtained authorizations over the telephone for construction change orders from Washington; (4) defendant allegedly negotiated the sales price of the vessel over the telephone with plaintiff; (5) dispersal of the sale proceeds was conditioned upon receipt of authority from plaintiffs; (6) sales proceeds were secured by the recording of a preferred ship mortgage in the State of Washington; (7) defendant informed plaintiff in Seattle as to a Seattle warranty representative for the handling of claimed defects in the vessel's Caterpillar engine; (8) defendant mailed or caused to be mailed to Seattle parts for the vessel after receiving complaints from the plaintiff; (9) defendant discussed with plaintiff in Seattle problems which the vessel experienced on its maiden voyage; and (10) defendant performed actual repairs on the vessel in Seattle.

Having considered the file, briefs, the affidavits therein, as well as the deposition of Frank Patti, Sr., the court finds defendant neither consummated some transaction nor acted in such a way as to purposely avail itself of the laws of the State of Washington. Defendant is a Florida corporation with no place of business in Washington, no employees, sales representatives or other agents authorized to transact business in Washington. All construction work performed by defendant was completed in Pensacola, Florida. All negotiations and meetings between plaintiffs and defendant occurred in Pensacola, and the written contract for the construction and sale of the vessel was signed by the parties in Pensacola. The vessel was delivered by defendant to plaintiff at defendant's shipyard in Pensacola. Furthermore, plaintiffs' claim neither arose out of nor resulted from defendant's activities within Washington. Although the vessel was advertised for sale by a ship broker in *The Fishermen's News,* a regional trade publication, plaintiffs made no factual showing that they either saw or relied upon this advertisement. In fact, the affidavit of Harald Pedersen, one of the plaintiffs, states that he learned the vessel was for sale from an acquaintance. The vessel's alleged defects arose out of a welding failure in the vessel's mast which caused its collapse. As such, plaintiffs' cause of action arose from the design, construction and sale of the vessel. Defendant did attend the vessel's christening in Seattle and while there demonstrated to the vessel's engineer the proper way to clean the vessel's sewage system. In addition, defendant discussed with plaintiffs malfunctions in the wheelhouse engine gauges. Nevertheless, plaintiffs have failed to demonstrate how these discussions relate in any way to the subject matter of their cause of action.

Finally, assuming *arguendo* that the above two conditions were met, which they were not, the exercise of jurisdiction based thereon would not be reasonable. Although there is no mechanical or quantitative test for jurisdiction under the *International Shoe* reasonable standard, *Insurance Co. of North America v. Marina Salina Cruz,* 649 F.2d 1266, 1270 (9th Cir.1981), the Ninth Circuit has identified the following factors as relevant: (1) the extent of the purposeful interjection into the forum state; (2)

the burden on the defendant of defending in the forum; (3) the extent of conflict within the sovereignty of the defendant state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiffs' interests in convenient and effective relief; and (7) the existence of an alternative forum. *Id.*

Noting that the above factors are not a "litany to be applied to each case," the court stated, "[d]etermining reasonableness is not an abstract exercise but must be approached with flexibility and must focus on the circumstances of each case." *Id.* at 1273. Although plaintiffs do have a substantial interest in having this case tried in Washington, the burden on the defendant of defending in this forum is equally substantial. In such a situation, "the primary concern is for the burden on the defendant" *id.* at 1272, for, "[i]f the burdens of trial are too great for a plaintiff, the plaintiff can decide not to sue or perhaps, to sue elsewhere. A defendant has no such luxury." *Id.* at 1277. Considering that defendant's purposeful interjection within the State of Washington was at best minimal, and that an alternative forum exists in the State of Florida, it would not be reasonable for the court to exercise jurisdiction in this matter.

The case is dismissed.