Marjetta **WILKINSON**

v.

**CARNIVAL CRUISE LINES, INC.**

Civ. A. No. C-84-217.

United States District Court,
S.D. Texas,
Corpus Christi Division.

Sept. 17, 1985.

Yancey White, White, Huseman, Pletcher & Powers, Corpus Christi, Tex., for plaintiff.

Allan A. Shenoi, Kleberg, Dyer, Redford & Weil, Corpus Christi, Tex., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

HEAD, District Judge.

This Court has diversity jurisdiction over Plaintiff's suit for personal injuries sustained while she was a passenger on one of Defendant's cruise ships. Plaintiff is a resident of Oklahoma. The M/V TROPICALE is a ship registered in the country of Panama. Plaintiff's injury occurred on the M/V TROPICALE in the waters of the Pacific off the Mexican coast. The M/V TROPICALE sailed from California. Defendant is a Panama corporation. Defendant has filed a motion to dismiss or transfer.

The first issue to be decided is whether subjecting Defendant Carnival Cruise Lines, Inc., to *in personam* jurisdiction in Texas is constitutionally permissible. Texas's Long-Arm Statute, TEX.REV. CIV.STAT.ANN., art. 2031b (Vernon 1964 and Supp. 1964–1985), reaches as far as the Due Process Clause of the Fourteenth Amendment permits. *Hall v. Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex.1982), *rev'd.*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The due process test is two-fold: (1) the nonresident must have certain minimum contacts with the forum state; and (2) subjecting the non-resident to jurisdiction within the forum must be consistent with traditional notions of fair play and substantial justice. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1168–69 (5th Cir. 1985).

Defendant maintains no offices and has no bank accounts in Texas. No Carnival ship has ever sailed into or out of Texas ports. There is no evidence that Defendant has entered into a written contract with any Texas business in the last five years. Defendant's contacts with Texas arise from its relationship with various local travel agencies and from electronic and print advertising in Texas, including advertisements in the local Corpus Christi newspaper.

Tickets for Carnival cruises are reserved by travel agents nationwide and are approved and finally issued by Carnival Cruise Lines in Miami. Plaintiff submitted four depositions of local travel agents whose descriptions of the booking procedure used by Carnival concurred. When a client wants to take a cruise, the agents

call Carnival in Miami to make the booking. Carnival sends back confirmation, the agents send money directly to Carnival, and Carnival sends back the documents for the cruise. The agents are not provided with ticket stubs and are not authorized to issue tickets. The travel agencies act as independent contractors and take a percentage commission from each ticket. No other type of payment is received from Carnival. Each agent recalled receiving promotional materials from Carnival through the mail. None of the agents could recall having been approached by a Carnival salesperson.

Defendant Carnival's advertising agency in charge of national advertising estimates the following expenditures for both electronic and print advertising in Texas: 1982 —$377,410; 1983—$488,993; 1984—$288,887.

Plaintiff submitted an advertisement by Defendant which appeared in the local newspaper in January, 1985. The ad describes cruises which depart from Miami and Los Angeles and directs the reader to "See your travel agent." Below the ad are two business cards of local travel agencies indicating that information and reservations can be obtained through the agencies. One of the travel agents deposed by Plaintiff indicated that "Carnival advertises in Corpus Christi all the time. For the last couple of months, Carnival has been advertising every Sunday on the travel page in *The Caller-Times.*" Carnival's national advertising agency distributes materials to newspapers and arranges for publication and payment. Local travel agents are permitted at their own cost, to "tag" such advertising by placing their business cards in the same column.

Plaintiff submitted the deposition of a *Houston Chronicle* travel writer, who wrote a feature story in August, 1985, on one of Carnival's new cruise ships. The writer indicated that the mailed invitation from Carnival participate in a travel agent's preview of the new ship was accepted because the *Chronicle* determined that the story would be of interest to its readers and because the writer wanted to do the story. The writer was not paid by Carnival for the article.

Plaintiff relies on language in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1984), indicating that "advertising reasonably calculated to reach the state" is one of many factors which could support the exercise of jurisdiction. The Fifth Circuit has held that this language does not mean that advertising reasonably calculated to reach the state, would, without more, permit assertion of personal jurisdiction over the advertiser. *Growden v. Ed Bowlin and Associates, Inc.*, 733 F.2d 1149, 1151 (5th Cir.1984), *citing Loumar v. Smith*, 698 F.2d 759, 763–64 (5th Cir.1983). The Fifth Circuit has not addressed local advertising except to imply that the result might be different if there were local advertising. *Id.* In *Loumar*, the Fifth Circuit indicated that advertising in nationally circulated trade publications may be sufficient to constitute a purposeful availment of the facilities of the state in which the publication circulates if there is evidence about what products are advertised, how widely the publications are circulated in the state, and the amount of business obtained from the advertisements.

A relationship identical to that of Defendant with local travel agencies has been held not to be a sufficient basis for the assertion of *in personam* jurisdiction. *Mulhern v. Holland-America Cruises*, 393 F.Supp. 1298, 1302 (D.N.H.1975). The *Mulhern* holding is based on the status of the travel agencies, which is akin to independent contractors. *Id.*, at 1302. *See Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 551 (5th Cir.1959). In addition to its relationship with local travel agents through which Defendant indirectly serves and seeks to serve the Texas market, Defendant regularly advertises in Texas media. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1984). Defendant spent $1,150,000 in 1982 through 1984 on electronic and print advertising in Texas. The

evidence shows that three local travel agents sell approximately five Carnival Cruise tickets each a year, generating approximately $21,000 in gross revenues.

This Court finds that Defendant's contacts with the State of Texas constitute the kind of continuous and systematic general business contacts which justify the assertion of *in personam* jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984). Defendant's motion to dismiss is denied.

The motion to transfer under 28 U.S.C. § 1406(a) and § 1404(a) is based on Defendant's contention that Plaintiff is contractually bound to resolve all disputes arising in connection with her cruise in the State of Florida. A specimen ticket submitted by Defendant clearly states on the front that the passenger ticket is subject to conditions of contract and that acceptance of the ticket is deemed to be acceptance of and agreement to all the terms and conditions of the contract ticket. The passenger's copy of the ticket contains three additional references to conditions of contract which are applicable to the ticket. All references are clear and noticeable.

Plaintiff's sole argument against the transfer is that Condition 8 of the passenger ticket, which states that "all disputes and matters arising under, in connection with or incident to this contract shall be litigated, if at all, in and before a court located in the State of Florida, U.S.A., to the exclusion of the courts of any other state or country" is an unenforceable contract of adhesion since Plaintiff did not bargain at arms-length for this condition.

Plaintiff's attorney stated to this Court in the hearing on the motion that the suit was filed in Texas for the attorney's convenience. Defendant requested the Court to consider that Defendant's witnesses are in Florida or in California and that the cost of litigation in Texas would be much higher to Defendant than in Florida because of the extra travel and because Defendant cannot take advantage of in-house counsel maintained in Florida.

Defendant's motion to transfer is granted. Not only is Plaintiff not a resident of Texas, she is contractually bound by Condition 8 to bring this suit in Florida. *Carptenter v. Klosters Rederi A/S,* 604 F.2d 11 (5th Cir.1979); *Catalina v. Carnival Cruise Lines, Inc.,* C.A. No. M–84–799 (D.Md. Sept. 13, 1984); *Luby v. Carnival Cruise Lines, Inc.,* C.A. No. H–84–2036 (D.Md. April 2, 1985) [Available on WEST-LAW, DCTU database].

Contrary to Plaintiff's contentions, forum selection clauses such as this one are *prima facie* valid. Plaintiff has not shown that trial in the contractual forum will be so greatly difficult and inconvenient that she will be deprived of her day in court. *The Breman v. Zapata Off-Shore Company,* 407 U.S. 1, 92 S.Ct. 1907, 1917, 32 L.Ed.2d 513 (1972); *Luby,* at 5.

Accordingly, in the interest of justice, this action should be transferred to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1406(a) and 1404(a).