**Lottie and Robert EVERETT, Plaintiffs,**

**v.**

**CARNIVAL CRUISE LINES, Defendant.**

**Civ. No. 87–0384.**

United States District Court,
M.D. Pennsylvania.

July 29, 1987.

Bruce K. Anders, Robert J. Gillespie, Curran, Mylotte, David & Fitzpatrick, Wilkes–Barre, Pa., for plaintiffs.

Enid W. Harris, Harris & Johnston, Wilkes–Barre, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff commenced this action seeking to recover for injuries suffered on or about January 13, 1986 while plaintiff, Lottie Everett, was a passenger on board the M/S Holiday, a cruise ship operated by defendant. Defendant filed a Motion to Dismiss alleging lack of *in personam* jurisdiction and improper venue on March 25, 1987. Defendant filed a supporting brief on April 3, 1987 and plaintiffs opposed on April 21, 1987. Subsequently, plaintiffs requested an extension of time to complete discovery on the personal jurisdiction and venue issues. This request was granted and plaintiffs were given until July 1, 1987 to complete discovery on these issues. Upon completion of this discovery, the parties filed supplemental briefs. Accordingly, the motion is ripe for disposition. For the reasons set forth below, the court will grant defendant's Motion to Transfer this action to the United States District Court for the Southern District of Florida.[1]

### DISCUSSION

Defendant seeks to have this action transferred to the United States District Court for the Southern District of Florida based on a forum selection clause contained in the Passage Contract Tickets (tickets) that plaintiffs received when they purchased passage on board the M/S Holiday cruise ship. In support, defendant attaches a copy of a specimen ticket which, through affidavit, defendant establishes is a copy of the tickets issued to and used by plaintiffs. *See* Document 8 of the Record, Exhibit B. As a term and condition of each ticket it is stated:

8. It is agreed by and between the passenger and the Carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country.

*Id.* The issue for the court to decide is whether this limitation applies in this case.

The court emphasizes that plaintiffs have not denied receiving replicas of the specimen ticket provided to the court. The affidavit of Jack J. Stein (Stein) provided by defendants states "[f]rom my review of the records of Carnival Cruise Lines, Inc., I can certify that, with regard to the contract conditions contained on Contract Page 1, Contract Page 2, Contract Page 3, Exhibit 'A' are identical to those terms as they appeared on the tickets issued to Lottie and Robert Everett." *See* Document 8 of the Record, Exhibit A at ¶ 9. Indeed, the affidavit of Lottie Everett indicates that tickets were purchased for the cruise from Magic Travel and Tour Agency in Wilkes–Barre, Pennsylvania. While it is not clear exactly when these tickets were purchased, plaintiffs acknowledge that the tickets were received by them approximately two (2) or three (3) weeks before their departure in January 1986.[2]

---

1. The court does not decide the personal jurisdiction issue. Even if a district court lacks personal jurisdiction, it may transfer a case to a district in which the case could have been brought originally. *See Gehling v. St. George's*

*School of Medicine, Ltd.,* 773 F.2d 539, 544 (3d Cir.1985).

2. Although not contained in the papers of record, plaintiffs' counsel was contacted by the court and requested to supply information con-

In *Marek v. Marpan Two, Inc.*, 817 F.2d 242 (3d Cir.1987), our Court of Appeals considered the long line of cases involving the enforcement of contractual conditions that are invariably located deep in the fine print of cruise ship tickets. *Id.* at 243. In *Marek*, the court found that the ticket in issue was reasonably communicative in giving notice of the existence and importance of its limiting conditions. Therefore, the court affirmed the district court's entry of summary judgment for the defendant cruise line. As the court stated:

> One focal point is the adequacy of so-called 'warning language,' often found on the front cover of a cruise ticket, directing a passenger to read the particular terms inside the ticket. The other focal point is the ticket terms themselves, and concerns such physical characteristics as the location of the terms within the ticket, the size of the typeface in which they are printed, and the simplicity of the language they employ. The question is thus whether, 'taken together, the various notices and provisions of this cruise ticket contract' suffice legally to give effect to the time limits it contains.

*Id.* at 245 (citation omitted). Thus, the Court of Appeals held "[w]e therefore follow in the wake of those courts, including those in our Circuit (footnote omitted), that have adopted the more practical 'standard of reasonable communicativeness,' (footnote omitted) (citation omitted), and we apply that standard as we assess Marek's (plaintiff's) particular contentions." *Id. See also Gardner v. Greek Line*, 388 F.Supp. 856 (M.D.Pa.1975) (Muir, D.J.) (contract's paragraphs if read are reasonably comprehensible).

The ticket in question is a four-part tear-away form which contains the words "final confirmation" on the first page which provides that it is "Accounting Copy—Not Good For Passage." The second page, yellow in color, states in red type on the bottom center of the ticket "Passenger Ticket—To Be Presented For Passage."

This second yellow page contains, in the lower righthand corner, in blue capital letters "SUBJECT TO CONDITIONS OF CONTRACT ON LAST PAGES 1, 2, 3." The third page of the ticket is similar to the first page except that in the lower left hand corner, in a blue box, is printed:

**SUBJECT TO CONDITIONS OF CONTRACT ON LAST PAGES**

**IMPORTANT! PLEASE READ CONTRACT ON LAST PAGES 1, 2, 3**

A large arrow emphasized in darker blue print indicates that the back of the page should be referred to. The word "IMPORTANT" similarly is set forth in darker blue print. In addition, in the lower right hand corner of page three of the ticket is the statement "[t]he provisions on the reverse hereof are incorporated as though fully rewritten." The final page of the ticket contains the terms and conditions of the contract. The first page of the terms and conditions is on the backside of the fourth page, while the second page of conditions is on the front face of the fourth page. Page 3 of the contract's terms and conditions is on the backside of page three of the ticket. The forum selection clause is on the backside of page four of the ticket and is visible even if the ticket is not opened.

In *Green v. Carnival Tours, Inc.*, No. 86–3762, slip op. (E.D.Pa. Oct. 22, 1986) in a one-page Order, the court, relying on a ticket virtually identical to the one in question here, granted defendant's motion for a change of venue. *See* Document 8 of the Record, Exhibit H. Similarly, in *Luby v. Carnival Cruise Lines, Inc.*, No. H–84–2036, slip op. (D.Md. Apr. 2, 1985) [Available on WESTLAW, 1985 WL 6420], the court considered an identical venue provision and concluded that the venue provisions of paragraph 8 were controlling. *Id.* at Exhibit G. This court finds these authorities persuasive and holds that the forum selection clause contained in the passenger ticket in this case must be given effect.

cerning when the tickets were received. Counsel conveyed this information telephonically to

the court on July 24, 1987.

The ticket refers to the terms and conditions on page 2 in the lower right hand corner and on page 3 in both the lower right hand corner and the lower left hand corner. On page 3 of the ticket the word "IMPORTANT" is in dark print with an exclamation point following it. A dark blue arrow directs the reader to the reverse of the ticket. While, in hindsight, one may say that defendant could have done more to draw attention to the limitation clause, the court finds that the ticket reasonably communicated the limiting conditions to plaintiffs. *Marek v. Marpan Two, Inc., supra,* at 245.

Plaintiffs do not contend that they were not actually aware of the ticket's venue limitation provisions. In any event, our Court of Appeals noted that a plaintiff's claims concerning actual awareness of the limitations and her actual opportunity to acquire such awareness merely rehashed the legal issues already addressed. *Id.* at 244–45 n. 3. Finally, the evidence indicates that plaintiffs had their tickets well in advance of when the cruise began. *See Shannon v. Norwegian Caribbean Lines,* 640 F.Supp. 373 (M.D.Pa.1985) (Herman, D.J.). As our Court of Appeals noted, the passenger who omits to read takes the risk of the omission. *Marek v. Marpan Two, Inc., supra,* at 247. In sum, in examining the ticket in question, the court finds that it reasonably communicated the fact that suit would be limited to the Southern District of Florida.

Plaintiffs only argument to the contrary is that they will be effectively deprived of their day in court due to the inconvenience and financial hardship that will result if this case were transferred to Florida. The court does not find this argument persuasive. The Third Circuit Court of Appeals recently stated that a forum selection clause is *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *See In re Diaz Contracting, Inc.,* 817 F.2d 1047, 1051 (3d Cir.1987) (citing *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). As the court went on to hold:

A forum selection clause is presumptively valid and will be enforced unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

*Id.* (citing *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.,* 709 F.2d 190 (3d Cir.), *cert. denied,* 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983)). Plaintiffs apparently attempt to show that enforcement of the forum selection clause would result in serious inconvenience. In construing this third criterion, our Court of Appeals found that the clause should be given effect unless it would create serious inconvenience such that the resisting party would be effectively deprived of its day in court. *Id.* 407 U.S. at 10, 92 S.Ct. at 1913.

While it may be that a majority of plaintiffs' witnesses are located in this forum, the use of pretrial depositions and other discovery devices may eliminate much of the hardship which plaintiffs are alleging. Similarly, plaintiffs have not shown that the cost of proceeding with the case in Florida will deprive them of their day in court. Under the circumstances of this case, the court finds that plaintiffs have not overcome the presumption of validity of the forum selection clause. Accordingly, the court will grant defendant's Motion for a Change of Venue.

An appropriate Order will enter.