Lish WHITSON, Plaintiff,

v.

Tom STOLPMAN, Defendant.

No. C01–1440L.

United States District Court,
W.D. Washington,
at Seattle.

Nov. 29, 2001.

Phillip H. Ginsberg, Stokes Lawrence, P.S., Seattle, WA, for plaintiff.

Tom Stolpman, Stolpman, Krissman Elber & Silver, LLP, Long Beach, CA, pro se.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

LASNIK, District Judge.

This matter comes before the Court on defendant's "Motion to Dismiss Complaint for Lack of Personal Jurisdiction." This litigation arises out of defendant's agreement to act as local counsel for plaintiff and his clients, Mr. and Mrs. Stasinos, in a wrongful death case being litigated in the United States District Court for the Northern District of California. Plaintiff alleges that defendant withdrew from the representation and agreed to a modified fee arrangement pursuant to which defendant would receive 10% of the attorney's fees awarded to the Stasinos in the California litigation plus reimbursement of costs incurred by defendant's firm. Plaintiff seeks a declaration that the initial fee arrangement was modified under Washington law and that defendant is entitled to only 10% of the fee award. Defendant asserts that this Court does not have personal jurisdiction over this matter.

■ "The district court's determination of a party's amenability to suit is made by reference to the law of the state in which it sits." *Peterson v. Kennedy,* 771 F.2d 1244, 1262 n. 12 (9th Cir.1985), *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986). Despite the rather narrow terms of Washington's long-arm statute, RCW 4.28.185, the state Supreme Court has held that the statute "extends jurisdiction to the limit of federal due process." *Shute v. Carnival Cruise Lines,* 113 Wash.2d 763, 771, 783 P.2d 78 (1989). Although a court may constitutionally exercise either general or specific jurisdiction over a nonresident defendant in certain circumstances, the Court finds that defendant's activities in this state were neither "substantial" nor "continuous and systematic" enough to establish general jurisdiction. *Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 414–16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Defendant's membership in nationwide professional associations and/or his participation in a mock trial program within this forum do not, contrary to plaintiff's argument, justify the exercise of general jurisdiction: such activities are not continuous, systematic, or substantial and they certainly do not indicate that defendant is "doing business" in Washington. Thus, the only remaining issue is whether the exercise of specific jurisdiction is appropriate given the quantity and nature of defendant's contacts with the forum state in relation to this cause of action.

■ In order to exercise specific jurisdiction over a non-resident under the federal constitution:

(1) [t]he nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[;] (2)[t]he claim must be one which arises out of or results from the defendant's forum-related activities[; and] (3)[e]xercise of jurisdiction must be reasonable.

*Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 270 (9th Cir.1995) (citing *Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977)).[1]

---

1. Because this motion is being decided on the affidavits and discovery materials, plaintiff's burden is to establish a *prima facie* showing of in personam jurisdiction over defendant. *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir.1990). Plaintiff's factual allegations are

A defendant purposefully avails himself of the benefits of the forum if he has deliberately "engaged in significant activities within a State or has created 'continuing obligations' between himself and the residents of the forum." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citations omitted). The mere existence of a contract is insufficient to justify the exercise of jurisdiction over a foreign defendant: the relationship between the forum and the course of negotiations, the terms of the contract, and the anticipated future consequences must be considered. *Burger King,* 471 U.S. at 479, 105 S.Ct. 2174.

■ Plaintiff asserts, and defendant does not contest, that, after plaintiff contacted defendant and expressed an interest in retaining him as local counsel, defendant took steps to acquire the representation that were aimed toward Washington and designed to obtain business from Washington residents. In particular, defendant provided information about his interest and qualifications via correspondence directed to plaintiff's Seattle office (Decl. of Lish Whitson, Ex. A) and traveled to Washington in a successful attempt to obtain the legal representation (Decl. of Lish Whitson at ¶ 2; Plaintiff's Memorandum at 2). After defendant was retained, he was in frequent contact with plaintiff via mail, telephone, facsimile, and e-mail for the ten months in which he acted as local counsel. When the judge assigned to the California litigation decided that foreign litigants need not associate local counsel, defendant wrote to plaintiff, offering to withdraw from the representation on certain terms. Decl. of Thomas G. Stolpman at ¶ 6. The terms of the withdrawal were negotiated between defendant in California and plaintiff in Washington over the course of two months and ultimately gave rise to this litigation. Decl. of Thomas G. Stolpman at ¶¶ 6–10.

Defendant's active, voluntary, and successful solicitation of the Stasinos' legal representation distinguish this case from *Sher v. Johnson,* 911 F.2d 1357 (9th Cir. 1990). In *Sher,* Judge Kozinski found that, despite regular contacts between local counsel and the client during the normal course of a representation, local counsel was not susceptible to suit in their client's home forum where the initial contacts with the client, the negotiation of the representation, and the retention of counsel were accomplished outside the forum. Of particular importance to the court's analysis was the fact that, in the absence of any affirmative action on the attorney's part to promote the transaction of business within the forum state, it was impossible to find purposeful availment. In this case, however, defendant voluntarily and willfully entered this jurisdiction in June 2000 for the purpose of meeting plaintiff and the Stasinos, soliciting their business, and negotiating the terms of the representation. As a direct result of that business trip to Washington, defendant began representing the Stasinos and was retained on terms that had been orally negotiated during the June meeting. Although *Sher* stands for the proposition that defendant's post-retention contacts with Washington do not, in and of themselves, constitute purposeful availment, when coupled with defendant's entry into this forum for the purpose of soliciting plaintiff's business and the success of that effort, his actions created a substantial connection with Washington which justifies the exercise of specific jurisdiction in this case. *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir. 1990) (citing *Sinatra v. Nat'l Enquirer, Inc.,* 854 F.2d 1191, 1195 (9th Cir.1988)

treated as true except where they are disputed and unsupported by affidavit or other evidence. *Brand v. Menlove Dodge,* 796 F.2d 1070, 1072 (9th Cir.1986).

and *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986)), *rev'd on other grounds*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).[2]

For all of the foregoing reasons, the Court finds that plaintiff has made a *prima facie* showing that defendant purposefully availed himself of the benefits and protections of Washington in soliciting, negotiating, and carrying out the local counsel representation at issue here, that those contacts gave rise to this litigation, and that the exercise of personal jurisdiction over defendant is reasonable. Defendant's motion to dismiss is, therefore, DENIED.

---

**2.** Although the continued viability of the *Shute* personal jurisdiction analysis was questioned in *Omeluk,* 52 F.3d at 271, the Ninth Circuit has since confirmed that analysis. *See Doe v. American Nat'l Red Cross,* 112 F.3d 1048, 1052 n. 7 (9th Cir.1997).