**ELECTRIC MIRROR, LLC, Plaintiff,**

v.

**JANMAR LIGHTING, INC., Defendant.**

No. C10–0976RSL.

United States District Court, W.D. Washington, at Seattle.

Nov. 8, 2010.

Franciscus L. Diaba, Robert Morris, Kramer Levin Naftalis & Frankel LLP, New York, NY, Mark S. Peloquin, Seattle, WA, for Plaintiff.

Brian G. Bodine, Tiffany Hallen Scott, Lane Powell P.C., Seattle, WA, for Defendant.

## ORDER OF DISMISSAL

ROBERT S. LASNIK, District Judge.

This matter comes before the Court on defendant's "Motion to Dismiss" pursuant to Fed.R.Civ.P. 12(b)(2). Dkt. # 9. Plaintiff, a Washington corporation, seeks a declaratory judgment of non-infringement and/or invalidity regarding United States Patent No. 7,559,668. Defendant, a California corporation, asserts that this Court does not have personal jurisdiction over it and seeks dismissal of plaintiff's claims.

Because this motion is being decided on the affidavits without the benefit of an evidentiary hearing, plaintiff's burden is to establish a *prima facie* showing of *in personam* jurisdiction over defendant. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990). In evaluating defendant's jurisdictional contacts, the Court accepts uncontroverted allegations in the complaint as true. *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir.1996). "Conflicts between the parties over statements contained in affidavits must be resolved in plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004). Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## BACKGROUND

Defendant develops, designs, and sells energy-efficient light fixtures. Defendant maintains a website advertising its wares, but potential customers are not able to purchase products through the site. Instead, defendant sells its products through "specialty lighting and electrical wholesale distributors and independent manufacturers' agents" located throughout the United States: its representative in Washington is Blanchard Associates in Carnation. Decl. of James Mishcel, Jr. (Dkt. # 23), Ex. P004. Over the past three years, defendant has averaged annual sales of approximately $6.7 million, with 4% of those sales occurring in Washington.

Defendant owns the '668 patent, which is entitled "Floating Mirror." Although defendant has manufactured, offered for sale, and sold products covered by the '668 patent, it has not done so in the State of Washington. In May 2010, defendant sent plaintiff two letters charging plaintiff with patent infringement. Plaintiff initiated this declaratory judgment action on June 11, 2010.

## DISCUSSION

■■ "The district court's determination of a party's amenability to suit is made by reference to the law of the state in which it sits." *Peterson v. Kennedy*, 771 F.2d 1244, 1262 n. 12 (9th Cir.1985). Despite the rather narrow terms of Washington's long-arm statute, RCW 4.28.185, the state Supreme Court has held that the statute "extends jurisdiction to the limit of federal due process." *Shute v. Carnival Cruise Lines*, 113 Wash.2d 763, 771, 783 P.2d 78 (1989). Because the long-arm statute is coextensive with the outer limits of federal due process, the Court need determine only whether the exercise of jurisdiction comports with the constitutional requirements. *Chan v. Society Expedi-*

*tions, Inc.*, 39 F.3d 1398, 1404–05 (9th Cir.1994).

■■ Plaintiff asserts that defendant is subject to the general jurisdiction of this Court. A court may constitutionally exercise general jurisdiction over a nonresident defendant when the corporate operations within the state are so "continuous and systematic" (*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)) that they "approximate physical presence" in the forum (*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000)). General jurisdiction is based on defendant's general business contacts with the state: if defendant is "found" in the state, it can be subjected to suit there even if the cause of action arose out of events occurring elsewhere. *International Shoe v. Washington*, 326 U.S. 310, 318, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters*, 223 F.3d at 1086.

■■ Defendant itself does not make sales, engage in business, serve Washington customers, or hold a license in this state. Nor has it designated an agent for service or incorporated here. As far as the record shows, its only contacts with the forum are the maintenance of an internet website, the mailing of two cease and desist letters to a Washington citizen, and its relationship with Blanchard Associates. The letters and passive website are clearly not of a "continuous and systematic" nature that could "approximate physical presence" in this jurisdiction. The question, then, is whether defendant's sale of product in this state through a third-party

distributor gives defendant a physical presence in the forum.

Plaintiff seeks to attribute the actions and jurisdictional contacts of Blanchard Associates to defendant, such that Blanchard's sales and presence in Washington count as defendant's jurisdictional contacts. This it cannot do. For purposes of the general jurisdiction analysis, "doing business with a company that does business in [Washington] is not the same as doing business in [Washington]. Indeed, ... the Supreme Court has made clear that contacts resulting from the unilateral activity of another party or third person are not attributable to a defendant." *Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc.,* 148 F.3d 1355, 1361 (Fed.Cir. 1998) (internal quotation marks omitted). While the nature and extent of defendant's contacts with a citizen of this forum, namely Blanchard Associates, could be relevant, plaintiff relies solely on the fact that defendant's products are distributed through that company. Unlike the situation in *Akro Corp. v. Luker,* 45 F.3d 1541, 1543 (Fed.Cir.1995), plaintiff has not made any allegations regarding the nature of defendant's relationship with Blanchard Associates, whether the distributor had a duty to defend or pursue infringement actions, whether defendant controlled Blanchard Associate's activities in any way, or whether the relationship created continuing obligations for defendant in the forum that could be described as continuous and systematic. *See also Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.,* 444 F.3d 1356, 1366 (Fed.Cir.2006) (where jurisdiction is alleged based on the existence of a licensee/distributor relationship, "the inquiry requires close examination of the license agreement" to determine whether there is a relationship "beyond royalty or cross-licensing payment, such as granting both parties the right to litigate infringement cases or granting the licensor the right to exercise control over the licensee's sales or marketing activities."). The bare fact that defendant utilizes a distribution system within the state does not support a finding of continuous and systematic ties in the jurisdiction. At most, plaintiff has shown that defendant did business *with* a Washington corporation: it has not shown that defendant was doing business *in* Washington. *Bancroft & Masters,* 223 F.3d at 1086.

For all of the foregoing reasons, defendant's motion to dismiss for lack of personal jurisdiction is GRANTED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.