[No. 3979–1. Division One. March 21, 1977.]

H. D. FOWLER COMPANY, INC., *Appellant,* v. LEE ROY WARREN, ET AL, *Respondents.*

*Reed, McClure, Moceri & Thonn, P.S., William Robert Hickman,* and *John W. Rankin, Jr.,* for appellant.

*Wilson & Reardon, Harry C. Wilson, Barry J. Hasson,* and *Alec.Duff,* for respondents.

WILLIAMS, J.—H. D. Fowler Company, Inc., brought this action against Lee Roy Warren and others for money due on an account. Fowler recovered judgment for the principal and interest but was not allowed reasonable attorney's fees. Fowler appeals; we reverse.

Proof of the account consisted of a series of job orders, eleven in number, made out by Fowler and signed by Warren. Each order form contained the following on the face just below the signature line:

IMPORTANT—This order is subject to the terms and conditions printed on the reverse side of this order form.

Paragraph 9 on the reverse side of the form stated:

In the event it is necessary for seller to employ legal counsel to enforce the terms and conditions as stated herein, buyer agrees to pay reasonable attorney's fees and court costs thereby incurred in addition to all other sums due hereunder.

■ The trial court did not enforce the provision as to attorney's fees because there was no proof that Warren had read it. The rule is that

> a party to a contract which he has voluntarily signed will not be heard to declare that he did not read it, or was ignorant of its contents. *Perry v. Continental Ins. Co.,* 178 Wash. 24, 33 P.2d 661 (1934). One cannot, in the absence of fraud, deceit or coercion be heard to repudiate his own signature voluntarily and knowingly fixed to an instrument whose contents he was in law bound to understand. . . . The whole panoply of contract law rests on the principle that one is bound by the contract which he voluntarily and knowingly signs. As we said in *Lake Air, Inc. v. Duffy,* 42 Wn.2d 478, 480, 256 P.2d 301 (1953):
>
>> Appellant had ample opportunity to examine the contract in as great a detail as he cared, and he failed to do so for his own personal reasons. Under these circumstances, he cannot be-heard to deny that he executed the contract, and he is bound by it.

*National Bank v. Equity Investors,* 81 Wn.2d 886, 912–13, 506 P.2d 20 (1973).

Warren contends that the foregoing does not apply because the incorporation of the terms on the reverse side of the order form was not apparent and the provision as to attorney's fees was in fine print and "boiler plate." *Black v. Evergreen Land Developers, Inc.,* 75 Wn.2d 241, 450 P.2d 470 (1969); *Baker v. Seattle,* 79 Wn.2d 198, 484 P.2d 405 (1971); *Berg v. Stromme,* 79 Wn.2d 184, 484 P.2d 380 (1971). In the latter case, the Supreme Court said that a waiver of warranty in a purchase order

> even though printed, should not be allowed to arise from the fine print to haunt the buyer of a new car unless he has agreed to be bound by it with the same degree of explicitness that he bound himself to the other vital conditions of the contract of purchase.

*Berg v. Stromme, supra* at 193–94.

We do not believe this case falls within the range of those cited by Warren because each order form on its face plainly contains the terms of a credit transaction involving the

shipment of construction materials to one project site. Incorporation of the terms and conditions on the reverse side is also plainly and openly stated slightly below and to the left of Warren's signature on each order form. That provision is as plain as any of the other terms on the face of the form. Warren could not have understood his contract obligations or those of Fowler unless he read the simple terms on the face of the contract and paid some attention to those on the back, the imprint of which shows through to the face.

None of the terms including the one about attorney's fees is submerged in a sea of print, fine or otherwise; Warren's signature attested to his approval of those which were stated.

The judgment is reversed with direction to the Superior Court to award Fowler reasonable attorney's fees in that court as well as this court.

FARRIS, C.J., and CALLOW, J., concur.