[No. 4624–1.   Division One.   October 24, 1977.]

ALLIS–CHALMERS CORPORATION, *Appellant,* v. STANLEY
SYGITOWICZ, ET AL, *Respondents.*

*Asmundson, Rhea & Atwood* and *Thomas C. Theirbah,* for appellant.

*Downes & Muir, Michael D. Muir,* and *Kevin Downes,* for respondents.

FARRIS, C.J.—On September 10, 1971, Stanley Sygitowicz signed a retail installment contract with Northwest Roads, a division of Consolidated Equipment Sales, Inc., for the purchase of a new Allis–Chalmers HD–11B crawler tractor. The deferred payment price, including down payment, was $69,000.95. Northwest Roads immediately sold the financing papers to Allis–Chalmers Credit Corporation. Within a week after purchase, Sygitowicz complained to Northwest Roads about the tractor's excessive consumption of oil. He continued to make payments through July 1972, however, and used the tractor through that summer. In October 1972, with several payments past due, Sygitowicz voluntarily returned the tractor to Northwest Roads. On November 21, 1972, Allis–Chalmers Credit Corporation mailed

Sygitowicz a notice of resale, and on March 20, 1973, the tractor was sold at auction for $30,000.

Allis–Chalmers Corporation, assignee of Allis–Chalmers Credit Corporation, brought this action to recover a deficiency balance of $18,496.86 plus interest allegedly due after default on the installment contract. The jury found for the defendant, Sygitowicz, and awarded no damages. Allis–Chalmers' motion for a judgment n.o.v. or, in the alternative, for a new trial, was denied. This appeal followed.

Allis–Chalmers assigns error to the consideration at trial of the issue of revocation of acceptance. It argues (1) that revocation of acceptance must be pleaded, and (2) that Sygitowicz did not rightfully revoke his acceptance in accordance with RCW 62A.2–608.

CR 8(c) enumerates several defenses which must be specifically pleaded and includes "any other matter constituting an avoidance or affirmative defense." The complaint clearly seeks recovery of the contract price from Sygitowicz. Revocation of acceptance is therefore an affirmative defense which must be set forth in the pleadings. Sygitowicz' answer and counterclaim specifies as affirmative defenses breach of warranties and failure to give proper notice of sale, but no mention is made of revocation of acceptance. The record does not include any notice of a trial amendment. Allis–Chalmers' objections to the introduction of evidence on the question of revocation of acceptance, therefore, should have been sustained as a matter of law. While the affirmative defense requirement is not to be construed absolutely, *Mahoney v. Tingley,* 85 Wn.2d 95, 529 P.2d 1068 (1975), it will not be abrogated where it affects the substantial rights of the parties. *Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 549 P.2d 9 (1976). We recognize that under CR 15(b) testimony received without objection has the effect of amending the pleadings to conform to the proof, but here the record reveals that Allis–Chalmers did object at every opportunity and that Sygitowicz made no motion to amend his pleadings. The

defense of revocation of acceptance was therefore waived, and should not have been considered at trial.

Further, the record does not support a finding that acceptance was effectively revoked. RCW 62A.2–608 provides:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose non–conformity substantially impairs its value to him if he has accepted it
(a) on the reasonable assumption that its non–conformity would be cured and it has not been seasonably cured; or
(b) without discovery of such non–conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

Of controlling importance here are the requirements that the nonconformity substantially impair the value of the goods and that the buyer notify the seller of his revocation.

█ Sygitowicz asserts that the increased cost of operation due to excessive oil consumption substantially impaired the tractor's value. The court, however, must look to the effect of the impairment on the productivity of the use. Sygitowicz' extensive use of the tractor during the 13 months he retained it in his possession, absent a showing that such use was not normally productive negates a showing of substantial impairment. *See Fargo Mach. & Tool Co. v. Kearney & Trecker Corp.*, 428 F. Supp. 364 (E.D. Mich. 1977).

█ Sygitowicz contends that acceptance was effectively revoked when Northwest Roads was notified of the oil consumption problem a few days after the purchase date. We disagree; notice of breach is not equivalent to notice of revocation of acceptance. While the latter need not be in any particular form and may be implied by conduct, it

must inform the seller that the buyer does not wish to keep the goods. *Hays Merchandise Inc. v. Dewey,* 78 Wn.2d 343, 474 P.2d 270 (1970); *Fenton v. Contemporary Dev. Co.,* 12 Wn. App. 345, 529 P.2d 883 (1974). Although Sygitowicz was aware of the oil consumption problem from the day the tractor was first put into use, he gave no indication of an intent not to keep the tractor until he delivered it back to Northwest Roads in October 1972. While such delivery might constitute revocation implied by conduct, the answer and counterclaim filed in the action affirmatively show that Sygitowicz' concern was breach of warranty and damages for such breach. Accordingly, his recovery was limited to that provided under RCW 62A.2–714 and RCW 62A.2–715, and his defense of revocation of acceptance was ineffective.

Reversed and remanded.

WILLIAMS and ANDERSEN, JJ., concur.