[No. 7811-9-I.   Division One.   October 12, 1981.]

RAINIER NATIONAL BANK, *Respondent,* v. WILLIAM E. LEWIS, ET AL, *Appellants.*

*Wales & Maimon* and *Owen J. Wales,* for appellants.

*Peter Glase,* for respondent.

CORBETT, J.—Rainier Bank loaned $27,800 to H. E. Steffensen, Inc., a Washington corporation (H.E.S., Inc.). As a condition to granting the loan, Rainier Bank required Mr. and Mrs. Steffensen, the principal shareholders, and Mr. and Mrs. Lewis to guarantee the loan.

At the time the loan was made, Betty Lewis, a domiciliary of Indiana, was residing in Washington and acting as secretary of H.E.S., Inc., and Mr. Lewis was residing in Indiana. Mrs. Lewis met with a bank manager and informed him that Mr. Lewis had agreed to give his personal guaranty on the loan. Rainier granted the loan to H.E.S., Inc., and Mrs. Lewis signed the guaranty agreement on December 21, 1977, the day the loan was made. The bank then mailed the agreement to Mr. Lewis on January 17, 1978, and he returned it to Rainier with his signature in January. On February 27, 1978, Mrs. Lewis delivered a letter to Rainier withdrawing both her husband's and her own personal guaranties for future loans to H.E.S., Inc., however, she affirmed their personal guaranties on the existing $27,800 loan.

No payment was ever made by H.E.S., Inc., and after proper demand and notice of default were given, Rainier initiated an action against the guarantors. The Steffensens individually filed bankruptcy, and the bank then pursued the Lewises on their individual guaranties. The Lewises answered the complaint by way of general denial. Based upon the pleadings, affidavits of the parties and counsel, memoranda submitted, and argument of counsel, summary

judgment was granted to Rainier, finding the Lewises jointly and severally liable for the principal, interest, attorney's fees and costs.

Mr. Lewis contends that because he did not sign the guaranty until after the underlying loan was granted by Rainier to H.E.S., Inc., his guaranty was given gratuitously and is unenforceable. In *Gelco IVM Leasing Co. v. Alger*, 6 Wn. App. 519, 522, 494 P.2d 501 (1972), this court set out the following general principles of guaranty law:

> (A) As with other contracts, a contract of guaranty is not binding unless supported by a legal consideration.
>
> (B) It is not necessary that the consideration for the promise of guaranty be distinct from that of the principal debt, if such promise were made *as a part of* the transaction which created the principal debt.
>
> (C) If the guaranty contract is made independently of the main debt, it must have a separate and distinct consideration and, accordingly, a past transaction or executed consideration will generally not support a contract of guaranty.
>
> (D) However, a guaranty may be supported by the consideration of an earlier contract, the performance of which is allegedly guaranteed if one of three circumstances exist. . . .
>
>> (1) the guarantor has offered or promised the debtor to guarantee the debt for him, and the debtor communicates this information to the creditor, who executes the principal contract in reliance thereon, (2) or the guarantor makes such promise direct to the creditor with the same result, (3) or the debtor gives the creditor an assurance that, if he later deems the debt insecure, he might look to a certain person, then named by the debtor, to guarantee the debt. [Citing cases.]

In the instant case, the affidavits and documents show that Mrs. Lewis communicated to Rainier that Mr. Lewis had promised to guarantee the loan in question. Rainier relied upon this promise in granting the loan, and sent a letter to Mr. Lewis confirming the agreement. Mr. Lewis then ratified his wife's communication and further evidenced his intent to guarantee the loan by telephoning Rainier and discussing the agreement with a bank manager,

and returning the executed document to the bank. Although Mr. Lewis executed the guaranty agreement at a time subsequent to the creation of the principal obligation, because the loan was granted upon the strength of Mr. Lewis' promise to guarantee, the consideration for the loan attached to and supported his promise of guaranty. *Cowles Publishing Co. v. McMann,* 25 Wn.2d 736, 740, 172 P.2d 235, 167 A.L.R. 1164 (1946).

Pursuant to CR 56(c), a summary judgment of dismissal may be granted only if the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Barrie v. Hosts of America, Inc.,* 94 Wn.2d 640, 642, 618 P.2d 96 (1980). There is no indication in the pleadings or affidavits considered by the court that Mr. Lewis ever denied having knowledge of the guaranty or ever denied Mrs. Lewis' authority to communicate his agreement to guarantee the loan to Rainier. Having failed to raise a material issue of fact in opposition to the motion for summary judgment, as required by CR 56, the court properly found in Rainier's favor. *Kellogg v. State,* 94 Wn.2d 851, 621 P.2d 133 (1980).

■ Under CR 8(c), failure of consideration is an affirmative defense and must be specifically pleaded. Here, after Rainier filed its motion and affidavit for summary judgment, Mr. Lewis filed a counter motion for summary judgment and for the first time, raised this defense, having failed to raise it in his answer. In general, if such defenses are not affirmatively pleaded, asserted with a motion under CR 12(b), or tried by the express or implied consent of the parties, such defenses are deemed to have been waived and may not thereafter be considered as triable issues in the case. *Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 76, 549 P.2d 9 (1976). While the affirmative defense requirement is not to be construed absolutely, it will not be abrogated where it affects the substantial rights of the parties. *Mahoney v. Tingley,* 85 Wn.2d 95, 529 P.2d 1068 (1975); *Allis–Chalmers Corp. v. Sygitowicz,* 18 Wn. App. 658, 660, 571 P.2d

224 (1977). Under CR 15(b), testimony received without objection has the effect of amending the pleadings to conform to the proof, but here, Rainier did object and Mr. Lewis made no motion to amend his pleadings. The defense of lack of consideration was therefore waived.

■ Mrs. Lewis opposed the summary judgment contending that Rainier failed to advise her of the consequences of placing her signature on the guaranty documents, thereby breaching its quasi–fiduciary relationship to her. *Hutson v. Wenatchee Fed. Sav. & Loan Ass'n*, 22 Wn. App. 91, 588 P.2d 1192 (1978). Mrs. Lewis failed to support her contention by alleging specific facts to raise a genuine issue of whether she understood the legal significance of signing the guaranty agreement or to controvert the bank manager's affidavit. A bank manager for Rainier submitted an affidavit to the court stating that he specifically discussed with Mrs. Lewis the personal liability she might incur by signing the guaranty agreement. He attached to his affidavit a letter from Mrs. Lewis wherein she refers to the "personal guarantees" of her and her husband. It would thus appear that she had some understanding of her personal liability, and did not sign the documents in her capacity as an officer of the corporation. In the absence of fraud, deceit or coercion, one cannot repudiate a signature knowingly fixed to an agreement and one is bound by contracts that have been voluntarily and knowingly signed. *Norris v. Norris*, 25 Wn. App. 290, 605 P.2d 1296 (1980); *H.D. Fowler Co. v. Warren*, 17 Wn. App. 178, 562 P.2d 646 (1977). Upon the default of the principal debtor, H.E.S., Inc., and the satisfaction of conditions precedent to liability, the promise of the guarantor, Mrs. Lewis, became absolute. *National Bank of Wash. v. Equity Investors*, 81 Wn.2d 886, 506 P.2d 20 (1973); *McAllister v. Pier 67, Inc.*, 1 Wn. App. 978, 465 P.2d 678 (1970). Therefore, the trial court properly granted the summary judgment against Mrs. Lewis.

The appellant next argues that the attorney's fees awarded to the plaintiff are unsubstantiated, excessive and

that a portion of them are properly attributed to the prosecution of the action against other defendants.

■ A trial court's determination of reasonable attorney's fees will not be overturned unless there is manifest abuse of discretion. *Sethre v. Washington Educ. Ass'n,* 22 Wn. App. 666, 673, 591 P.2d 838 (1979).

The original judgment awarded the plaintiff reasonable attorney's fees. Upon motion to retax costs and attorney's fees and after considering the affidavit in which the plaintiff's attorney itemized the time expended, the court declined to amend the award. The record fails to reflect a manifest abuse of discretion. Therefore the award will stand.

Last, the respondent bank argues that Lewis failed to timely file the notice of appeal. Pursuant to RAP 18.8(b), Lewis was granted an extension of time to file the notice of appeal. Therefore the argument is without merit.

Affirmed.

RINGOLD, A.C.J., and SWANSON, J., concur.

Reconsideration denied November 24, 1981.