[No. 14855-6-III.    Division Three.    February 13, 1997.]

WASHINGTON EQUIPMENT MANUFACTURING COMPANY, INC., *Appellant*, v. CONCRETE PLACING COMPANY, INC., *Respondent*.

*Eric K. Nayes*, for appellant.

*Carl E. Hueber* and *Winston & Cashatt* (*Phillip S. Oberrecht* and *Hall, Farley, Oberrecht & Blanton*, of counsel), for respondent.

SWEENEY, C.J. — A foreign corporation must obtain a certificate of authority to do business and appoint a registered agent to transact business in Washington. RCW 23B.15.010(1), .070(1)(b). Concrete Placing Company, Inc., is an Idaho corporation. It obtained a certificate of authority and appointed a registered agent in order to build two roads in Walla Walla County in 1985 and 1986. In 1994, it bought a concrete placing machine and a concrete paving plant from Washington Equipment Manufacturing Company, Inc., a Washington corporation. Concrete Placing refused to pay the full purchase price. Washington Equipment sued for the balance of the purchase price in

Washington. The trial court dismissed the complaint for lack of jurisdiction. Washington Equipment appeals.

The question presented is one of first impression. Does a foreign corporation consent to general personal jurisdiction by securing a certificate of authority to do business and appointing a registered agent? We conclude it does not. Because of that conclusion, we must then decide whether Concrete Placing's contacts with Washington were sufficient to support long-arm jurisdiction. *See* RCW 4.28.185. Again, we conclude they were not. We accordingly affirm the decision of the trial court.

## FACTS

In 1994, Washington Equipment solicited Concrete Placing in Idaho to sell concrete machinery. The two companies eventually contracted in Idaho for the purchase and sale of the machinery. A number of telephone calls were made during which the parties discussed the quotes for both machines. Washington Equipment manufactured the machinery in Spokane County. During the manufacturing process, three Concrete Placing employees inspected the manufacturing process at Washington Equipment's plant and arranged for shipment of the equipment. Washington Equipment delivered the equipment to Concrete Placing in Spokane County at Washington Equipment's plant. Concrete Placing shipped the equipment to Boise, Idaho.

Concrete Placing refused to pay Washington Equipment the balance of the purchase price. Washington Equipment was forced to return the machine to Spokane County. Washington Equipment sued Concrete Placing in Spokane County for the balance of the purchase price ($88,200) and transportation expenses ($1,307). It served Concrete Placing's registered agent, C.T. Corporation, in Washington. Concrete Placing moved to dismiss for lack of jurisdiction or alternatively because of forum non conveniens.

The court granted its motion and dismissed the complaint with prejudice. Washington Equipment appeals.

## DISCUSSION

■ The parties do not dispute the material facts; review is therefore de novo. *Hartley v. American Contract Bridge League*, 61 Wn. App. 600, 603, 812 P.2d 109, *review denied*, 117 Wn.2d 1027 (1991).

■ Consent to General Personal Jurisdiction. Washington Equipment first argues that Concrete Placing consented to general personal jurisdiction by obtaining a certificate of authority to do business and appointing a registered agent. This first contention presents a question of *general* jurisdiction over this foreign corporation not *specific* jurisdiction. *Hein v. Taco Bell, Inc.*, 60 Wn. App. 325, 328, 803 P.2d 329 (1991). Specific jurisdiction is appropriate when a particular cause of action arises out of, or relates to, the foreign corporation's activities in this state. *Id.* at 328. General jurisdiction, on the other hand, is unrelated to the corporation's specific activities in this state. *Id.* at 328; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). General jurisdiction focuses instead on whether the foreign corporation's general business activities in Washington are substantial and continuous. *Harbison v. Garden Valley Outfitters, Inc.*, 69 Wn. App. 590, 595, 849 P.2d 669 (1993). Our analysis requires a review of both the requirements for registering a foreign corporation (RCW 23B.15) and the long-arm statute (RCW 4.28.185).

Washington Equipment argues that by obtaining a certificate of authority to do business and appointing a registered agent, a foreign corporation consents to the imposition of general jurisdiction. Underlying Washington Equipment's argument is the legal fiction that by registering to do business in Washington, a foreign corporation consents to jurisdiction. *Sternberg v. O'Neil*, 550 A.2d 1105, 1109 (Del. 1988). We read Washington's statutory scheme differently.

■ ■ A foreign corporation must obtain a certificate of authority to do business in this state. RCW 23B.15.010. It "may not transact business" until it does so. RCW 23B.15.010. Further, a foreign corporation doing business in Washington, such as Concrete Placing's road jobs in Walla Walla County during 1985 and 1986, must appoint a registered agent and have a registered office in Washington. RCW 23B.15.030, .070. Nothing, however, in the Washington Business Corporation Act (RCW 23B) states, or implies, that by complying with these mandatory requirements a foreign corporation consents to general jurisdiction in Washington.

Indeed, when the Legislature has wanted to impose jurisdiction because of a foreign corporation's activity, it has said so. For example, members and managers of a foreign limited liability company doing business in Washington submit to the personal jurisdiction of this state. RCW 25.15.310(3).

Consent, including consent to general jurisdiction, requires some knowing and voluntary act.[1] A foreign corporation should not be deemed to have knowingly consented to general jurisdiction by doing an act required by the state—obtaining a certificate of authority to do business and appointing a registered agent—absent legislative intent.[2] A Florida corporation, for example, could hardly be said to have consented to the jurisdiction of Washington for a transaction in Idaho, simply because it had obtained a certificate of authority and appointed a registered agent in Washington.

The Washington Business Corporation Act (RCW chapter

---

[1]*See Northwest Land & Inv., Inc. v. New W. Fed. Sav. & Loan Ass'n*, 64 Wn. App. 938, 947, 827 P.2d 334 (party consented to jurisdiction by appearing at hearing and agreeing to entry of judgment), *review denied*, 120 Wn.2d 1002 (1992); *Banton v. Opryland U.S.A., Inc.*, 53 Wn. App. 409, 418-19, 767 P.2d 584 (1989) (assertion of defense and resistance to discovery sufficient to disprove consent to jurisdiction).

[2]*See also Leonard v. USA Petroleum Corp.*, 829 F. Supp. 882 (S.D. Tex. 1993) (explaining that appointment of agent and possession of certificate of authority do not rise to consent).

23B) and the long-arm statute (RCW 4.28.185) are easily harmonized. Washington has a separate and specific statute setting out the requirements for jurisdiction over a nonresident—specific jurisdiction. RCW 4.28.185. RCW 23B sets out the requirements for doing business in Washington, not jurisdiction. A certificate of authority to do business and appointment of a registered agent do not then confer general jurisdiction over a foreign corporation.

Long-Arm Jurisdiction. We turn to the next question: whether Concrete Placing's contacts with this state justify the imposition of long-arm jurisdiction.

▮▮ RCW 4.28.185, the long-arm statute, permits the imposition of specific jurisdiction over a foreign corporation which transacts business in this state, provided certain criteria are met. These requirements are set out in *Shute v. Carnival Cruise Lines*, 113 Wn.2d 763, 767, 783 P.2d 78 (1989), as follows: (1) the foreign corporation must purposefully consummate some transaction in Washington; (2) the cause of action must arise from or be connected with that transaction; and (3) the assumption of jurisdiction must not offend traditional notions of fair play and substantial justice (*International Shoe*[3] requirements). We consider each in order.

*Purposeful availment.* A foreign corporation must first purposefully avail itself of the privilege of conducting business in Washington. By doing so, it invokes both the benefits and protections of Washington law. *Walker v. Bonney-Watson Co.*, 64 Wn. App. 27, 34, 823 P.2d 518 (1992). This is not a mechanical standard. The quantity of the defendant's acts does not automatically dictate jurisdiction. We consider the quality and nature of the defendant's activities. *Nixon v. Cohn*, 62 Wn.2d 987, 994, 385 P.2d 305 (1963).

Whether a foreign corporation has purposefully availed

---

[3]*International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95, 161 A.L.R. 1057 (1945).

itself of the benefits of this state frequently turns on which party solicited the agreement and where. In *Grange Ins. Ass'n v. State*, 110 Wn.2d 752, 762, 757 P.2d 933 (1988), the court decided that the State of Idaho had not purposefully availed itself of the benefits of this state when its veterinarians failed to detect a disease in cattle later sold to Washington farmers. The veterinarians' activities were all in Idaho. The State of Idaho did not solicit Washington business. The court concluded that the State of Idaho had not purposefully availed itself of the benefits of Washington markets. *Id.* at 762.

Similarly, in *Walker*, the court concluded that an Idaho funeral home had not purposefully availed itself of the benefits of this state when it neither sought, nor received, any compensation for services performed for a Washington resident. *Walker*, 64 Wn. App. at 36. Again, the Idaho funeral home had not solicited the Washington resident's business.

More recently in *CTVC of Haw. Co. v. Shinawatra*, 82 Wn. App. 699, 712-13, 919 P.2d 1243 (1996), Division One of this court concluded that a defendant, a Thai national, had not purposefully availed himself of the benefits of this state when his only contact had been his presence in Washington to negotiate part of a contract.

Concrete Placing had several contacts with Washington during this transaction, including several telephone calls. The equipment was delivered "F.O.B." Spokane. And several Concrete Placing employees visited the Spokane plant to inspect the manufacturing process and arrange for shipment. The visits by Concrete Placing's employees, the telephone calls, and the delivery of the equipment, however, are incidental to the dispute. Of more significance to us is that Washington Equipment solicited the sale from Concrete Placing in Idaho and the contract was entered into in Idaho. We therefore agree with the trial judge's assessment that Concrete Placing did not purposefully avail itself of the benefits and protections of Washington law.

*Connection of the cause of action to the transaction.* This cause of action no doubt arises from this transaction. However, as we have concluded, that transaction was solicited and consummated in the state of Idaho. This factor, therefore, is not dispositive.

*Notions of fair play and substantial justice.* When we consider whether the imposition of long-arm jurisdiction would offend traditional notions of fair play and substantial justice, we must look at: (1) the quality, nature, and extent of the activity in the forum state; (2) the relative convenience of the parties; (3) the benefits and protections of the laws of the forum state afforded the respective parties; and (4) the basic equities of the situation. *Shute,* 113 Wn.2d at 767; *Deutsch v. West Coast Mach. Co.,* 80 Wn.2d 707, 711, 497 P.2d 1311 (1972). Here, again, we focus on the fact that Washington Equipment solicited this business from Concrete Placing in Idaho. Concrete Placing's contacts with this state, as we have noted, were limited to several telephone conversations and visits from three of its employees. To hang jurisdiction by this narrow thread of contacts would, in our judgment, offend notions of fair play and substantial justice. *See CTVC of Haw.,* 82 Wn. App. at 721 (basic equities of the situation suggest Washington should decline jurisdiction when a Washington corporation solicits business elsewhere).

■■ Waiver. Washington Equipment next argues that Concrete Placing waived the jurisdiction issue by asserting forum non conveniens. A defendant waives any objection to personal jurisdiction by a claim for affirmative relief. *In re Marriage of Parks,* 48 Wn. App. 166, 170, 737 P.2d 1316, *review denied,* 109 Wn.2d 1006 (1987). The claim of forum non conveniens was an affirmative defense not a claim for affirmative relief. *See Grange Ins.,* 110 Wn.2d at 765-66 (defining affirmative relief as relief "for which defendant might maintain an action independently of plaintiff's claim"). *See also* CR 8(e); CR 12(b). It did not therefore constitute a waiver.

■ Dismissal with Prejudice. Washington Equipment

finally claims the court erred in dismissing its claim with prejudice. But dismissing a claim with prejudice because of a lack of jurisdiction only affects Washington Equipment's ability to renew the claim in Washington. It should not deprive Washington Equipment from reinstituting the action in an appropriate forum. *Bershaw v. Sarbacher*, 40 Wn. App. 653, 657, 700 P.2d 347 (1985).

We affirm.

THOMPSON, J., and MUNSON, J. Pro Tem., concur.