**FILED**
**JUNE 30, 2022**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RACHEL BRADLEY, an individual, | ) | |
| | ) | No. 38490-0-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, C.J. — Rachel Bradley appeals the dismissal under CR 12(b)(2) of her product liability action against Globus Medical, Inc. After her sparse jurisdictional allegations were challenged by Globus's motion, Ms. Bradley stood by her position that they sufficed. They do not. We affirm.

PROCEDURAL BACKGROUND

In February 2021, Rachel Bradley filed suit against Globus Medical, Inc. in Spokane County Superior Court. Apart from her prayer for relief, her complaint made only the following allegations:

1. Plaintiff is a Washington resident.
2. This Court has jurisdiction and venue.
3. All acts/omissions hereinafter alleged were by agents/employee of Defendants, for which Defendants are responsible.
4. Plaintiff discovered her cause of action against Defendant no sooner than February 27th, 2018, within three years last past.

5.      On or about October 18, 2016, Plaintiff underwent surgery, during which hardware and screws designed and manufactured by Defendant were placed.

6.      Defendant's products were not reasonably safe as designed and/or constructed.

7.      The products failed due to their defective design and/or construction in early 2018.

8.      As a result of the products' failure, Plaintiff has sustained general and special damages as will be proven at trial.

Clerk's Papers (CP) at 3-4.

Globus moved to dismiss under CR 12(b)(2) for lack of personal jurisdiction and under CR 12(b)(6) for failure to state a claim. In support of its CR 12(b)(2) motion (which proved to be the basis for dismissal and is the only motion at issue on appeal), Globus argued that Ms. Bradley alleged no facts to establish that it was subject to the general or specific jurisdiction of Washington courts. As it related to specific jurisdiction, Globus argued that Ms. Bradley failed to assert any facts supporting purposeful minimum contacts with Washington or that her injuries related to those contacts.

In opposing the motion, Ms. Bradley filed a declaration of counsel authenticating a printout of information from the Washington Secretary of State's website. It showed that Globus was authorized to do business in Washington, is a Pennsylvania corporation with its principal office in Pennsylvania, the nature of its business is wholesale medical devices, and it had a registered agent, which it identified. Counsel's declaration stated

that service of the complaint had been made on the registered agent. Ms. Bradley's brief in opposition to the dismissal motion argued that Globus itself "at least tacitly admits that Globus manufactures and sells medical implants in this State." CP at 29. It posited that Globus "[s]urely . . . doesn't deny" that a defective product foreseeably damaging a Washington resident would give rise to tort liability and long-arm jurisdiction. *Id.*

Globus replied that its appointment of a registered agent did not constitute consent to jurisdiction.

The superior court granted the motion to dismiss on jurisdictional grounds. Ms. Bradley moved for reconsideration, which was denied. She appeals.

## ANALYSIS

Ms. Bradley makes one assignment of error: that "[t]he court erred in dismissing the Plaintiff's Complaint." Appellant's Br. at 5.

The rules for superior court permit a defendant to raise the defense of lack of jurisdiction over the person by motion. CR 12(b)(2). Ms. Bradley did not request an evidentiary hearing. When a trial court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff's burden is to make a prima facie showing of jurisdiction. *State v. LG Elecs., Inc.*, 186 Wn.2d 169, 176, 375 P.3d 1035 (2016). A prima facie showing requires "sufficient foundational facts when assuming the truth of the evidence presented by the party carrying the burden of proof and all

No. 38490-0-III
*Bradley v. Globus Medical, Inc.*

reasonable inferences from that evidence in a light most favorable to the party."

*Downing v. Losvar*, 21 Wn. App. 2d 635, 652, 507 P.3d 894 (2022).[1]

Our review of a CR 12(b)(2) dismissal for lack of personal jurisdiction is de novo.

*LG Elecs., Inc.*, 186 Wn.2d at 176. We accept the allegations of the complaint as true.

*Noll v. Am. Biltrite Inc.*, 188 Wn.2d 402, 411, 395 P.3d 1021 (2017).

For a state court to exercise personal jurisdiction over a nonresident defendant, the

exercise of jurisdiction must be permitted by the state's long-arm statute and the due

process clause of the Fourteenth Amendment to the United States Constitution. *Daimler*

*AG v. Bauman*, 571 U.S. 117, 125, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). The

Washington Supreme Court has consistently held that the state long-arm statute permits

the exercise of personal jurisdiction to the fullest extent of the federal due process clause.

*E.g., Noll*, 188 Wn.2d at 411; *Shute v. Carnival Cruise Lines*, 113 Wn.2d 763, 766-67,

783 P.2d 78 (1989).

Globus's motion to dismiss for lack of personal jurisdiction was based on

constitutional grounds, not the long-arm statute. The Fourteenth Amendment's due

---

[1] Ms. Bradley relies on an inapposite standard applied to motions under CR 12(b)(6) and 12(c). Washington courts treat a CR 12(c) motion for judgment on the pleadings identically to a CR 12(b)(6) motion to dismiss for failure to state a claim, since both ask the court to determine if a plaintiff can prove any set of facts that would justify relief. *P.E. Sys., LLC v. CPI Corp.*, 176 Wn.2d 198, 203, 289 P.3d 638 (2012). The difference in the two motions is timing: a CR 12(b)(6) motion is made after the complaint but before the answer; a CR 12(c) motion is made after the pleadings are closed.
At issue in this appeal is only a CR 12(b)(2) motion.

4

process clause limits a state court's power to exercise jurisdiction over a nonresident defendant. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, __ U.S. __, 141 S. Ct. 1017, 1024, 209 L. Ed. 2d 225 (2021). There are two types of federal personal jurisdiction: general (sometimes called all-purpose jurisdiction), and specific (sometimes called case-linked) jurisdiction. *Id.*

In two decisions in and after 2011, the United States Supreme Court dramatically reined in general jurisdiction over corporations. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 928-29, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011); *Daimler AG*, 571 U.S. at 137-39. A state court may exercise general jurisdiction only when a defendant is "essentially at home" in the state. *Goodyear*, 564 U.S. at 919. Just as an individual is subject to general jurisdiction in her domicile, a corporation's equivalent forums, and what the Supreme Court calls the "paradigm" bases for general jurisdiction, are the corporation's state of incorporation and principal place of business. *Daimler AG*, 571 U.S. at 137. It has suggested that if there are other circumstances in which a corporation will be found "at home" in a state, they are "exceptional." *Id.* at 139 & n.19. Ms. Bradley wisely does not rely on appeal on general jurisdiction.[2]

---

[2] She does say in passing that "registering with the State to do business within its borders might arguably convey general jurisdiction," Appellant's Br. at 11, but we could not disagree more strongly. A corporation registered to do business in the state might have no connection with a state other than the fact of its registration.

The courts in some states have found registration under their state's corporate registration statutes to constitute jurisdictional consent (although it remains an open question whether that construction will survive constitutional challenge). Zachary D. Clopton, *Procedural Retrenchment and the States*, 106 CAL. L. REV. 411, 442 & n.260 (2018). Not so in Washington. This court held over 20 years ago that nothing in the Washington Business Corporation Act, Title 23B RCW, states or implies that by complying with the requirement to be authorized to do business, a foreign corporation consents to general jurisdiction in Washington. *Washington Equip. Mfg. Co. v. Concrete Placing Co.*, 85 Wn. App. 240, 245, 931 P.2d 170 (1997).

Ms. Bradley is therefore required to rely on specific jurisdiction. Due process requires that three elements be met for a court to exercise specific jurisdiction: "(1) that purposeful 'minimum contacts' exist between the defendant and the forum state; (2) that the plaintiff's injuries 'arise out of or relate to' those minimum contacts; and (3) that the exercise of jurisdiction be reasonable, that is, that jurisdiction be consistent with notions of 'fair play and substantial justice.'" *Grange Ins. Ass'n v. State*, 110 Wn.2d 752, 758, 757 P.2d 933 (1988) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-78, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). The plaintiff must provide a prima facie demonstration of the first two requirements; if they are shown, the burden shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022).

6

Ms. Bradley's complaint did not allege that Globus had purposefully availed itself of the privilege of conducting activities in Washington or allege facts that would amount to purposeful availment. Purposeful availment is shown when the defendant "reaches out beyond its home state and into another in order to 'deliberately exploi[t] a market in the forum State.'" *Downing*, 507 P.3d at 910 (alteration in original) (internal quotation marks omitted) (quoting *Walden v. Fiore*, 571 U.S. 277, 285, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014)). A corporation might qualify to do business in states in which it never undertakes business or establishes a presence beyond appointing a registered agent.

Nor does Ms. Bradley's complaint allege that her claim arises out of or relates to Globus's contacts with Washington. To determine whether the "arising out of or relating to" requirement is met, the court looks to whether an affiliation exists between "the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Goodyear*, 564 U.S. at 919. Ms. Bradley did not allege that her surgery took place in Washington. Assuming her surgery did take place in Washington, she did not hypothesize how the hardware and screws allegedly designed and manufactured by Globus came to be used in her surgery through some deliberate reaching out into Washington. The fact that Globus is registered to do business in Washington does not fill that gap. To repeat ourselves, being registered does not mean a corporation has activities in Washington or any presence beyond its registered agent.

7

No. 38490-0-III
*Bradley v. Globus Medical, Inc.*


Because Ms. Bradley failed to demonstrate purposeful availment or that her action

arose out of or is related to Globus's contacts with Washington, the burden did not shift

to Globus to identify why exercising jurisdiction over it would be unreasonable.

The order of dismissal is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, C.J.


WE CONCUR:


_____
Pennell, J.


_____
Staab, J.


8